UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HECTOR JOSE GARCIA LUGO,

    Plaintiff,

v.                                                           Case No.:  6:24-cv-763-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

# OPINION AND ORDER

Plaintiff Hector Jose Garcia Lugo seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for a period of disability and disability insurance benefits. The Commissioner filed the Transcript of the proceedings ("Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their positions. Plaintiff also filed a reply brief. As explained below, the decision of the Commissioner is **AFFIRMED** under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

    **I.**    **Social Security Act Eligibility, Standard of Review, Procedural History, and the Commissioner's Decision**

        **A.**    **Social Security Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can

be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do his previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

### B.     Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the administrative law judge, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are

reviewed under a de novo standard. *Keeton v. Dep't of Health & Hum. Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The Commissioner must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the Commissioner must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the Commissioner must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the Commissioner must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the Commissioner finds the claimant's severe impairments do not meet or medically equal a listed impairment, then the Commissioner must determine whether the claimant has the residual functional capacity ("RFC") to perform his past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform his past relevant work, the Commissioner must determine at step five whether the claimant's RFC permits him to perform other work that exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), (g), 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove he is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

C. **Procedural History**

Plaintiff applied for a period of disability and disability insurance benefits on March 23, 2022, alleging disability beginning May 20, 2016. (Tr. 102, 329-35). Plaintiff later amended the onset date to November 1, 2021. (Tr. 33, 471). The

application was denied initially and on reconsideration. (Tr. 102, 122). Plaintiff requested a hearing and on June 13, 2023, a hearing was held before Administrative Law Judge Valencia Jarvis ("ALJ"). (Tr. 50-101). On October 5, 2023, the ALJ entered a decision finding Plaintiff had not been disabled from November 1, 2021, the amended alleged onset date, through December 31, 2021, the date last insured. (Tr. 33-42). On March 6, 2024, the Appeals Council denied Plaintiff's request for review. (Tr. 1-5). Plaintiff began this action by Complaint (Doc. 1) filed on April 24, 2024, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 1).

### D.    Summary of ALJ's Decision

In this matter, the ALJ found Plaintiff last met the insured status requirements of the Social Security Act on December 31, 2021. (Tr. 35). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity during the period from his alleged onset date of November 1, 2021, through his date last insured of December 31, 2021. (Tr. 35). At step two, the ALJ found that from the amended alleged onset date through the date last insured, Plaintiff had no severe medically determinable impairments or combination of medically determinable impairments that could have been considered severe in combination. (Tr. 35). The ALJ then listed Plaintiff's medically determinable impairments of hypertension, diabetes mellitus, asthma, carpal tunnel syndrome,

obstructive sleep apnea, and degenerative arthritis of the thoracolumbar spine, and explained why each of these impairments was not severe. (Tr. 35-36).

The ALJ then included in the alternative, sequential-evaluation findings. At step two, the ALJ found that through the date last insured, Plaintiff suffered from the following severe impairment: "Degenerative arthritis of the thoracolumbar spine." (Tr. 36). At step three, the ALJ found that through the date last insured, Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526). (Tr. 38).

Before proceeding to step four, the ALJ found that through the date last insured, Plaintiff had the following RFC:

> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform medium work as defined in 20 [C.F.R. §] 404.1567(c) except the claimant was able to frequently climb ramps and stairs, but never climb ladders, ropes, or scaffolds. He had no limitations with balancing, stooping, kneeling, crouching, or crawling.

(Tr. 38).

At step four, the ALJ determined that Plaintiff could perform past relevant work as a composite of a program manager and vocational trainer. (Tr. 41). The ALJ also found that this work does not require the performance of work-related activities precluded by Plaintiff's RFC. (Tr. 41). The ALJ concluded that Plaintiff had not

been under a disability from November 1, 2021, the amended alleged onset date, through December 31, 2021, the date last insured. (Tr. 42).

## II.   Analysis

On appeal, Plaintiff raises three issues:

(1)   Whether the RFC assessment that finds Plaintiff able to perform work at a medium exertional level is supported by substantial evidence;

(2)   Whether the ALJ provided an adequate analysis of the consistency of the State agency medical consultants' opinions; and

(3)   Whether the ALJ provided an adequate analysis of the supportability of Gary Weiss, M.D.'s opinion.

(Doc. 20, p. 15, 21, 23).

Plaintiff raises three issues, all of which are directed to the alternate finding that assumes Plaintiff had a severe impairment. In short, Plaintiff argues that the ALJ improperly assessed the RFC and improperly considered medical opinion evidence, which applies to the ALJ's alternate findings.

To reiterate, in the first part of the decision, the ALJ found Plaintiff had no severe impairments, only medically determinable impairments. (Tr. 35-36). Next, the ALJ found Plaintiff did not have an impairment or combination of impairments that could have been considered severe. (Tr. 35). The ALJ could have ended the decision there, but instead chose to make alternative findings – which included that Plaintiff had a severe impairment or combination of severe impairments. (Tr. 36-42).

In the initial brief, Plaintiff did not challenge the ALJ's finding that Plaintiff had only medically determinable impairments and no severe impairment or combination of impairments. (Doc. 20). According to the regulations, if the ALJ finds no severe impairment or combination of impairments, then a plaintiff is not disabled under the regulations. *See* 20 C.F.R. § 1520(c) ("You must have a severe impairment. If you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment and are, therefore, not disabled.").

In his reply, Plaintiff concedes that he did not explicitly challenge this finding, but argues he implicitly challenged the finding by arguing that the opinion of treating neurologist Gary Weiss, M.D. was well supported in the record and not properly considered by the ALJ. (Doc. 25, p. 1). This argument is unavailing. Plaintiff also claims that he did not challenge the step two finding due to "space limitations" and focusing on the stronger arguments not the weakest one. (Doc. 25, p. 2). Plaintiff states that he "could not understand why the ALJ bothered to make the finding that Plaintiff had no severe impairments. All of the doctors in the record agreed that Plaintiff's impairments restricted his ability to work at least more than a minimal degree." (Doc. 25, p. 2 (emphasis in original)). Despite this statement, Plaintiff cites no evidence of record to support it. This argument is also unavailing. Based on

Plaintiff failing to cite evidence to contest the ALJ's finding that Plaintiff had no severe impairments or combination of impairments, the Court need not address the arguments directed at the alternative findings. Thus, the ALJ's original findings stand.

To be thorough, the Court will consider Plaintiff's arguments addressed to the alternate finding that Plaintiff had the severe impairment of degenerative arthritis of the thoracolumbar spine. (Tr. 36).

### A.    Medium Exertional Level

Plaintiff contends the RFC assessment that Plaintiff could perform work at the medium exertional level conflicts with the opinion of the State agency medical consultants and Plaintiff's treating neurologist that Plaintiff's physical limitations are more closely associated with light work. (Doc. 20, p. 16-17). To be clear, the relevant period at issue is two months – from November 1, 2021, the amended alleged onset date through December 31, 2021, the date last insured.

An individual's RFC is his ability to do physical and mental work activities on a sustained basis despite limitations secondary to his established impairments. *Delker v. Comm'r of Soc. Sec.*, 658 F. Supp. 2d 1340, 1364 (M.D. Fla. 2009). In determining a claimant's RFC, the ALJ must consider all relevant evidence including non-severe impairments. *Barrio v. Comm'r of Soc. Sec.*, 394 F. App'x 635, 637 (11th Cir. 2010). Furthermore, the ALJ must "'scrupulously and conscientiously

probe into, inquire of, and explore for all relevant facts.'" *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) (quoting *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir.1981)). In other words, ALJs "are by law investigators of the facts and are tasked not only with the obligation to consider the reasons offered by both sides, but also with actively developing the record in the case." *Id*.

The ALJ noted that State agency medical consultant Uma Chelvan, M.D,. found Plaintiff was limited to light exertional work and found this opinion was not persuasive. (Tr. 41). The ALJ also found that light exertional work was inconsistent with Plaintiff's denial of respiratory, musculoskeletal, or neurological symptoms during the period at issue. (Tr. 41). Likewise, the ALJ found Dr. Weiss's January 30, 2023 opinion was not persuasive. (Tr. 40). The ALJ found Dr. Weiss did not have a treating relationship with Plaintiff during the relevant period, and Dr. Weiss's findings were inconsistent with the medical evidence during the relevant period that showed Plaintiff did not report any neck problems, and displayed normal neck functions when examined. The same was true for memory loss, right radicular pain, a debilitating neck and thoracic spine issues, pulmonary issues, or issues arising from PTSD. (Tr. 40). Having found both opinions not persuasive, the ALJ need not include limitations from these opinions in the RFC assessment. Substantial evidence supports the ALJ's consideration of these medical opinions.

Plaintiff also asserts that the RFC for medium work conflicts with the findings of State agency medical consultant Kerri Aaron, M.D. who opined Plaintiff was capable of light work. (Doc. 20, p. 17). The ALJ found Dr. Aaron's opinion:

> persuasive to the extent that the lack of sufficient evidence equates with the evidence not supporting the existence of a severe impairment during the relevant period (3A). Dr. Aaron's finding that there was insufficient evidence to evaluate the claimant is supported by the absence of a comprehension examination addressing quantitative results such as the claimant's range of motion of the lumbar spine or grip strength (3A/4). It is also consistent with the claimant's denial of musculoskeletal or neurological symptoms in his review of systems from the period at issue (21F; 24). However, out of an abundance of caution, the undersigned has made the above RFC findings to account for the possible limitations arising out of the claimant's spinal degenerative changes.

(Tr. 41). The ALJ found that Dr. Aaron's opinion was persuasive to the extent that the record lacked sufficient evidence to evaluate Plaintiff's limitations, but found no other part persuasive. Substantial evidence supports the ALJ's findings on the lack of sufficient evidence and thus the ALJ was not required to adopt Dr. Aaron's other findings.

Plaintiff also claims that the ALJ's limitation to medium work contradicts every physical medical opinion of record and thus the ALJ is basically "playing doctor." (Doc. 20, p. 18). To the contrary, to support the RFC assessment, the ALJ summarized medical records from before, during, and after the relevant period. According to the ALJ:

> The medical evidence from the amended alleged onset date to the date last insured does not generally corroborate the claimant's testimony regarding his symptoms. Records from November 12, 2021, one of the few records from the period at issue, indicate that the claimant was exercising occasionally (24F/20). He was being seen and treated for hypertension, hyperlipidemia, obesity, and type II diabetes, but not for any severe impairment or musculoskeletal symptoms (24F/20). Nothing in the review of systems or physical examination indicated any neurological or musculoskeletal deficiencies (24F/20-21). Records from Independence Lung Care from December 13, 2021, indicate that the claimant denied musculoskeletal or neurological symptoms, specifically denying numbness, tingling, or dizziness (21F/39). When physically examined, the claimant displayed normal neurological functions (21F/40).
>
> Although the claimant later reported cramping in the lower extremity, this occurred months after the date last insured (24F/13; 29F). The record also indicates that the claimant did not receive a referral to a neurologist until August 2022, more than half a year after the date last insured (29F).
>
> While diagnosed with neuropathy in August 2022, there were no diagnostics or documentation (29F/4).

(Tr. 40). Importantly, during the relevant period of November through December 2021, the ALJ found that the medical records and other evidence of record support a limitation to medium work because Plaintiff was not being treated for any severe impairment during that time. Substantial evidence supports the ALJ's RFC assessment.

## B. Persuasiveness of Medical Opinions

Plaintiff argues that the ALJ failed to address the consistency between the opinions of Dr. Aaron and Dr. Chelvan in that they both found Plaintiff able to

perform light work. (Doc. 20, p. 21). Plaintiff also argues that the ALJ failed to analyze the supportability of Dr. Weiss's opinion.

### 1.     Legal Standard

The regulations for disability cases filed after March 27, 2017 – such as this one – changed and an ALJ no longer defers or gives any specific evidentiary weight to a medical opinion. 20 C.F.R. § 404.1520c(a), 20 C.F.R. § 416.920c(a). Thus, an ALJ no longer uses the term "treating source" and does not defer or give specific evidentiary weight, including controlling weight, to any medical opinion or prior administrative medical finding. *Torres v. Comm'r of Soc. Sec.*, No. 6:19-cv-1662-ORL-PDB, 2020 WL 5810273, at *2 (M.D. Fla. Sept. 30, 2020) (citing 20 C.F.R. § 404.1520c(a)).

Instead, an ALJ assesses the persuasiveness of a medical source's opinions given these five factors, with the first two being the most important: (1) supportability; (2) consistency; (3) relationship with the claimant, including the length, frequency, and purpose of the examining and any treatment relationship; (4) specialization; and (5) other factors, such as the source's familiarity with other evidence concerning the claim, that tend to support or contradict the medical opinion. 20 C.F.R. § 404.1520c(a)-(c); 20 C.F.R. § 416.920c(a)-(c). An ALJ may but is not required to explain how he considers factors other than supportability and

consistency, unless two or more opinions are equally persuasive on the same issue. 20 C.F.R. § 404.1520c(b)(2); 20 C.F.R. § 416.920c(b)(2).

For supportability, the revised rules provide: "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1); 20 C.F.R. § 416.920c(c)(1). For consistency, the revised rules provide: "The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(2); 20 C.F.R. § 416.920c(c)(2).

The new regulations also differentiate between medical opinions and "other medical evidence." 20 C.F.R. §§ 404.1513(a)(2)-(3), 416.913(a)(2)-(3). "A medical opinion is a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions" in the abilities listed in paragraphs (a)(2)(i) through (iv). 20 C.F.R. §§ 404.1513(a)(2), 416.913(a)(2). "Other medical evidence is evidence from a medical source that is not objective medical evidence or a medical opinion, including judgments about the nature and severity of your impairments, your medical history,

clinical findings, diagnosis, treatment prescribed with response, or prognosis." 20 C.F.R. §§ 404.1513(a)(3), 416.913(a)(3).

### 2. Consistency of the Opinions of Drs. Chelvan and Aaron

Plaintiff argues that the ALJ failed to address the consistency between the opinions of Dr. Aaron and Dr. Chelvan, in that both State agency medical consultants found Plaintiff able to perform light exertional work. (Doc. 20, p. 21). As discussed above, the ALJ found Dr. Chelvan's opinion not persuasive because light work is inconsistent with Plaintiff's denial of respiratory, musculoskeletal, or neurological symptoms during the period at issue. (Tr. 41). Likewise, the ALJ found Dr. Aaron's opinion persuasive to the extent that the lack of sufficient evidence supports a finding of no severe impairments during the relevant period. (Tr. 41). While both doctors found that Plaintiff was limited to light work, the ALJ included reasons why Dr. Chelvan's opinion was inconsistent with the medical and other evidence of record and agreed with Dr. Aaron that the record during the relevant period did not contain sufficient evidence to support a severe impairment. Substantial evidence supports the ALJ's consistency finding.

### 3. Supportability

Plaintiff argues that the ALJ did not properly consider the supportability of Dr. Weiss's opinion. (Doc. 20, p. 26). On January 30, 2023, Dr. Weiss completed a Physical Restrictions Evaluation for the period from November 1, 2021 through the

date of the evaluation. (Tr. 4635-37). In the opinion, Dr. Weiss found, among other things, that Plaintiff was limited to sitting for 3 hours, walking/standing for 2 hours, and lying down or reclining for 3 hours in an 8-hour day. (Tr. 4636-37). He found these limitations were supported by Plaintiff's memory loss, low back pain, bilateral carpal tunnel syndrome, neck pain, thoracic spine pain, sleep apnea, pulmonary issues, and PTSD. (Tr. 4636).

In the decision, the ALJ considered Dr. Weiss's January 30th opinion. (Tr. 40). He recognized that the findings were purportedly from November 1, 2021 through the date of the evaluation, but noted that Dr. Weiss had no treating relationship with Plaintiff during the relevant time. (Tr. 40). The ALJ found that Dr. Weiss's findings of limitations in the cervical spine, memory loss, right radicular pain, debilitating neck issues, thoracic spine issues, pulmonary issues, or issues arising from PTSD are inconsistent with and unsupported by records from the relevant period. (Tr. 40). While Plaintiff argues that retrospective opinions are commonly accepted, the ALJ did not simply reject Dr. Weiss's opinion on this basis. The ALJ found that Dr. Weiss's opinion does not refer to any medical or other records from the relevant period of November 1, 2021 through December 31, 2021 to support the severe limitations in his opinion. (Tr. 4635-37). Substantial evidence supports the ALJ's supportability and consistency assessment of Dr. Weiss's opinion.

### III. Conclusion

For the reasons discussed above, the Court finds that the decision of the Commissioner is supported by substantial evidence and the Commissioner applied the correct legal standard. The decision of the Commissioner is **AFFIRMED**. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate all deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on June 12, 2025.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties